**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| IN RE THE APPLICATION OF WELLEKSON GONÇALVES SILVA, <br><br> Petitioner, <br><br> v. <br><br> ADRIENE FERREIRA DOS SANTOS, <br><br> Respondent. | CIVIL ACTION <br><br> NO. _____ |

**COMPLAINT AND PETITION FOR RETURN OF MINOR CHILD
UNDER THE INTERNATIONAL CHILD ABDUCTION REMEDIES ACT**

Petitioner Wellekson Gonçalves Silva respectfully shows this Court as follows:

**INTRODUCTION**

1. This action is brought by Petitioner Wellekson Gonçalves Silva ("Petitioner"), a citizen and resident of Brazil, to secure the return of his ten-year-old daughter, Y.F.G. (or the "Child"), who has been wrongfully removed to and is being wrongfully retained, as defined by the Hague Convention on the Civil Aspects of International Child Abduction, within the Northern District of Georgia by the Child's mother, Respondent Adriene Ferreira dos Santos ("Respondent").

1

2. Respondent is a citizen of Brazil who, upon information and belief, currently resides in Roswell, Georgia.

3. Upon information and belief, the Child currently resides with her mother in Roswell, Georgia.

4. Petitioner files this petition to seek the legal return of his daughter to Brazil and for the Respondent to obtain a valid passport for the Child to facilitate the return.

5. This petition is filed pursuant to the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 19 I.L.M. 1501 (the "Hague Convention"); and its implementing legislation, the International Child Abduction Remedies Act, 22 U.S.C. § 9001 *et seq.* ("ICARA"). A copy of the Hague Convention is attached as Exhibit A. The Hague Convention is a duly ratified treaty that became effective in the United States on July 1, 1988, and has been ratified by the United States and Brazil, among over 80 "Contracting States."

6. The twin aims of the Hague Convention are "[t]o secure the prompt return of children wrongfully removed to or retained in any Contracting State," and "[t]o ensure that rights of custody and of access under the law of one Contracting

State are effectively respected in other contracting States." Hague Convention art. 1(a)–(b).

7. The Hague Convention "is intended as a rapid remedy for the left-behind parent to return to the status quo before the wrongful removal or retention." *Ovalle* v. *Perez*, 681 F. App'x 777, 786 (11th Cir. 2017) (internal quotation marks and citation omitted).

8. "Under ICARA, this Court has jurisdiction to decide the merits of Petitioner's wrongful removal [or retention] claim, but not to decide any underlying custody dispute." *Barrera Casimiro* v. *Pineda Chavez*, No. CIV.A.1:06CV1889-ODE, 2006 WL 2938713, at *4 (N.D. Ga. Oct. 13, 2006).

## **JURISDICTION AND VENUE**

9. This Court has jurisdiction over this case pursuant to 22 U.S.C. § 9003(a) (jurisdiction under the Hague Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

10. Venue is proper pursuant to 22 U.S.C. § 9003(b) and 28 U.S.C. § 1391(b) because, upon information and belief, Respondent and the Child are residing in the Northern District of Georgia, specifically in Roswell, Fulton County, Georgia.

## STATEMENT OF FACTS

**A.   The Child Was Habitually Resident in Brazil Prior to Coming to the United States.**

11.   Petitioner and Respondent met in 2011 in Brazil. Their legal status in Brazil is a "stable union," which is a "form of marital status that has regulated domestic cohabitation in [Brazil]," and is defined under Brazilian law as "a union between a man and a woman who enter a committed relationship with the purpose of constituting a family." Adilson José Moreira, *We Are Family! Legal Recognition of Same-Sex Unions in Brazil*, 60 Am. J. Comp. L. 1003, 1004 (2012).

12.   Petitioner and Respondent have one child together, a daughter, Y.F.G., born in 2012 in Guanhães, in the state of Minas Gerais, Brazil. Her birth certificate, a redacted copy of which is attached as Exhibit B (with an English translation), identifies Petitioner as the father.

13.   The Hague Convention applies to children under sixteen years of age. The Hague Convention therefore applies to the Child, who is ten.

14.   Until their separation in April 2020, Petitioner, Respondent, and the Child lived together in Guanhães, Brazil. Following their separation, Petitioner filed a custodial arrangement lawsuit in Brazil, seeking to confirm custodial arrangements

4

over the Child.  A redacted copy of the decision issued by that court (with an English translation) is attached as <u>Exhibit C</u>.

15. The Brazilian judge determined that prior to her parents' separation, the Child had been in constant contact with her paternal family, as she had lived in her paternal grandparents' house (with her father and mother) since birth.  And even after her parents' separation, the Child lived almost every day with her father or members of her paternal family.  The Brazilian judge found that there clearly was a close, loving relationship between the Child and her paternal family, and that Respondent's removal of the Child from the paternal home resulted in substantial emotional suffering to the Child, Petitioner, and her paternal family.

16. Given these considerations, the Brazilian judge determined that Petitioner and Respondent should share custody over the Child.  The judge ruled that the Child would live with her father on Mondays, Tuesdays, and on alternate weekends (Friday to Sunday).

17. After the separation, Petitioner provided monetary support to Respondent and the Child in the form of alimony and child support payments; and paid for the Child's private school education, health insurance, and medical treatments with an ophthalmologist and other specialists.

**B.     Respondent Wrongfully Removed and Retained the Child Without Petitioner's Consent.**

18.     On Monday, August 23, 2021, the Child's paternal uncle (Petitioner's brother) went to Respondent's home to pick up the Child, as per the custodial arrangement agreed to by Petitioner and Respondent. However, upon arriving, the uncle learned from neighbors that Respondent had sold all her furniture, and purchased plane tickets to Mexico City for herself and the Child, with plans to enter the United States.

19.     Petitioner did not know about Respondent's plans to leave the country with the Child. Petitioner never consented or acquiesced to the removal or retention of his Child by Respondent from Brazil to the United States.

20.     Upon learning of the Child's wrongful removal or retention on August 23, 2021, Petitioner reported the incident to the Brazilian Federal Police. Through the police investigation, Petitioner learned that Respondent had forged Petitioner's signature on the Child's international travel authorization forms, which is required for the Child to be issued a passport.

21.     On August 27, 2021, Petitioner received a WhatsApp call from the Child, who let him know that she and Respondent were in the United States. During that call, the Child told her father that she and Respondent had crossed the

Mexico-U.S. border on August 23, 2021, and were released by U.S. immigration authorities on August 25, 2021.

22. Upon information and belief, Respondent engaged "coyotes," individuals who smuggle immigrants across the Mexico-U.S. border, to enter into the United States. This exposed the Child to significant danger. *See generally* Ray Sanchez, Nicole Chavez, and Priscilla Alvarez, *On a Texas road called 'the mouth of the wolf,' a semitruck packed with migrants was abandoned in the sweltering heat*, CNN (June 29, 2022), available at https://www.cnn.com/2022/06/29/us/san-antonio-migrant-truck-deaths/index.html (describing the dangers of human smuggling across the Mexico-U.S. border).

23. Following Petitioner's report, the Brazilian Federal Police cancelled Respondent's and the Child's passports. Upon information and belief, Respondent refuses to obtain a valid passport for the Child.

24. Petitioner has requested numerous times that Respondent return the Child to Brazil, but Respondent has refused.

25. Respondent never returned to Brazil with the Child, and instead has wrongfully retained the Child within the United States, as defined by the Hague Convention.

26. Petitioner or a member of the Child's paternal family is willing to escort the Child home to Brazil.

27. On September 16, 2021, Petitioner filed an application for the return of the Child under the Hague Convention with the appropriate Brazilian government agency (the Autoridade Central Administrativa Federal para Adoção e Subtração Internacional de Crianças e Adolescentes).

28. After receiving Petitioner's application, the Brazilian government referred the matter to United States Department of State, which is the United States' Central Authority under the Hague Convention. The United States Department of State subsequently referred the matter to the undersigned counsel.

C. **Petitioner Has Custody Rights of the Child Under Brazilian Law That He Was Exercising at the Time of the Removal.**

29. Petitioner has rights of custody of the Child under Articles Three and Five of the Hague Convention. Under Article Three of the Hague Convention, "rights of custody . . . may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State." Hague Convention (Ex. A) art. 3. Under Article Five of the Hague Convention, "'rights of custody' shall include rights relating to the care

of the person of the child and, in particular, the right to determine the child's place of residence." *Id.* at art. 5(a).

30. Rights of custody in the Brazilian state of Minas Gerais, where Y.F.G. was born and habitually resided before coming to the United States, are established under the Brazilian Civil Code. A translated copy of the relevant portions of the Brazilian Civil Code is attached hereto as Exhibit D.

31. Article 1,583 of the Brazilian Civil Code states that the exercise of parental authority in shared custody arrangements extends jointly to both parents. Brazilian Civil Code (Ex. D) art. 1,583 §§ 1, 2.

32. Accordingly, Petitioner, who is identified on the Child's birth certificate as her father and has a court order granting shared custody of the Child, has parental authority over his Child pursuant to Brazilian law and rights of custody of the Child under the Hague Convention.

**D.   Respondent is Wrongfully Retaining the Child in the United States Without Petitioner's Consent.**

33. Prior to and even after the separation of Petitioner and Respondent, Petitioner fulfilled his parental responsibilities to the Child.

9

34. Following the separation, Petitioner continued to exercise his rights of custody with respect to the Child and fulfilled his parental responsibilities to her. Petitioner saw his daughter every week and provided for her.

35. The Child was habitually resident in Brazil from her birth until her wrongful removal.

36. In or around August 2021, Respondent traveled by plane to Mexico, then crossed the Mexico-U.S. border with the Child.

37. Petitioner did not know about Respondent's plans to leave the country with the Child. Petitioner does not know if Respondent will ever return the Child to Brazil.

38. Respondent has not returned the Child to Brazil and is currently wrongfully retaining the Child in the United States.

39. Petitioner never consented to the permanent retention of the Child in the United States or to her living outside Brazil.

## COUNT ONE
### Claim for Relief under the Hague Convention

40. Petitioner adopts and incorporates by reference all facts and allegations set forth in the foregoing paragraphs and further alleges that:

41. The Hague Convention and ICARA apply in this case because the United States and Brazil are both "Contracting States" under the Hague Convention. Hague Convention (Ex. A) art. 1, 4.

42. The Hague Convention and ICARA require the "prompt return" of children wrongfully removed to or retained in the United States to their home country. *See id.* at art. 1(a).

43. Respondent has wrongfully removed and wrongfully retained the Child within the meaning of Article 3 of the Hague Convention, in violation of the Hague Convention, and despite Petitioner's efforts to have the Child returned to Brazil.

44. Petitioner has never acquiesced or consented to the removal of the Child from Brazil or the permanent retention of the Child in the United States.

45. Respondent's removal and retention of the Child is wrongful within the meaning of Article 3 of the Hague Convention because:

   a. It is in violation of Petitioner's "rights of custody" under Brazilian law and a court order granting Petitioner shared parental authority and responsibility for his daughter, Y.F.G.;

   b. At the time of Respondent's refusal to return the Child to Brazil, Petitioner was actively and affirmatively exercising his rights of

       custody within the meaning of Articles 3 and 5 of the Convention, and but for Respondent's removal and retention of the Child, Petitioner would have continued to exercise those rights;

c. Petitioner did not consent to the retention of his Child in the United States;

d. Upon information and belief, Respondent is presently wrongfully retaining the Child in Fulton County, in the State of Georgia; and

e. The Child is ten years old. The Hague Convention applies to children under sixteen years of age and thus applies to the Child.

46. Respondent therefore violated the Hague Convention and ICARA by breaching Petitioner's parent authority and rights of custody.

## COUNT TWO
**Attorneys' Fees and Costs**

47. Petitioner adopts and incorporates by reference all facts and allegations set forth in the foregoing paragraphs.

48. Pursuant to 22 U.S.C. § 9007, Petitioner respectfully requests that this Court award him all necessary expenses incurred by or on behalf of Petitioner,

including court costs, legal fees, or other care during the course of proceedings in the action, and transportation costs related to the return of the Child.

## NOTICE

49. Petitioner adopts and incorporates by reference all facts and allegations set forth in the foregoing paragraphs.

50. Petitioner states that, pursuant to 22 U.S.C. § 9003(c), he will give notice of this Petition to Respondent in accordance with Rule 4 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

**WHEREFORE,** Petitioner Wellekson Gonçalves Silva prays for the following relief:

a. The scheduling of an expedited trial on the merits of this Petition consistent with Federal Rule of Civil Procedure 40, 22 U.S.C. § 9003(d), and Article 2 of the Hague Convention (requesting that signatories to the Convention "use the most expeditious procedures available");

b. A final judgment in Petitioner's favor establishing that the Child, Y.F.G., shall be returned to Brazil, where an appropriate custody determination can be made by a Brazilian court under Brazilian law;

c. An order requiring that Respondent pay Petitioner's expenses and costs, including transportation costs;

d. An order that Respondent obtain a valid passport for Y.F.G., to allow for Petitioner to facilitate the return of the Child to Brazil;

e. An order that Respondent sign all necessary forms and make necessary arrangements to allow the Child to return to Brazil; and

f. Any such further relief as may be just and appropriate under the circumstances of this case.

Respectfully submitted August 22, 2022.

[SIGNATURE BLOCK ON NEXT PAGE]

ALSTON & BIRD LLP

*/s/ Matthew L.J.D. Dowell*
Matthew L.J.D. Dowell
Georgia Bar No. 236685
James Y. Hwang (admission forthcoming)
Georgia Bar No. 325783
1201 West Peachtree Street
Atlanta, GA 30309
Telephone:  (404) 881-7000
Fax:  (404) 881-7777
matt.dowell@alston.com
james.hwang@alston.com

Lucas Queiroz Pires (*pro hac vice* forthcoming)
Kristen Bartolotta (*pro hac vice* forthcoming)
950 F Street, NW
Washington, DC 20004
Telephone:  (202) 239-3300
Fax:  (202) 239-3333
lucas.queirozpires@alston.com
kristen.bartolotta@alston.com

*Attorneys for Petitioner Wellekson Gonçalves Silva*

# **EXHIBITS**

| Ex. | Document | Pages |
|---|---|---|
| A | Hague Convention on the Civil Aspects of International Child Abduction | 1–9 |
| B | Y.F.G.'s birth certificate (redacted) | 1–3 |
| C | Custodial determination issued by a Brazilian court in the State of Minas Gerais (redacted) | 1–9 |
| D | Translation of Brazilian Civil Code, sections 1,583 to 1,590 | 1–3 |