# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

| | | |
|---|---|---|
| WELLEKSON GONCALVES SILVA, | * * * | |
| Petitioner, | * * | |
| v. | * * | 1:22-CV-03371-ELR |
| ADRIENE FERREIRA DOS SANTOS, | * * * | |
| Respondent. | * * | |

_____

**O R D E R**

_____

After holding an evidentiary hearing on February 17, 2023, and for the reasons the undersigned stated on the record during that hearing, the Court—by an Order dated February 21, 2023—granted the relief Petitioner Wellekson Goncalves Silva requested in his "Complaint and Petition for Return of Minor Child Under the International Child Abduction Remedies Act." [Doc. 56]. On May 26, 2023, the U.S. Court of Appeals for the Eleventh Circuit vacated the Court's February 21, 2023 Order and remanded this case "for further consideration in light of [its] opinion." See

<u>Silva v. Dos Santos</u>, 68 F.4th 1247, 1261 (11th Cir. 2023) (per curiam).[1]  In so doing, the Eleventh Circuit found that this Court made "two legal errors" in its reasoning when it Ordered return of the child to Petitioner in Brazil:

> First, given that [Petitioner] testified about the alleged abuse and the district court expressly did not believe him, under [Eleventh Circuit] precedent, it's not necessarily the case that [Respondent Adriene Ferreira] dos Santos['] testimony was uncorroborated.  And second, even without independent corroboration, a factfinder's belief in a single witness's testimony alone can be sufficient to satisfy a party's burden to prove a fact by clear and convincing evidence.

<u>Id.</u> at 1255.

With the Eleventh Circuit's guidance in mind, the Court has again reviewed and considered the testimony and evidence from the February 17, 2023 evidentiary hearing, including (1) Petitioner's testimony, which the Court found to be not credible, and (2) Respondent's testimony.  Upon such renewed review and consideration, the Court again **GRANTS** the relief requested in Petitioner's "Complaint and Petition for Return of Minor Child Under the International Child

---

[1] The Eleventh Circuit's opinion is available in the record of this case at docket entry 81.  The mandate from the Eleventh Circuit related to its May 26, 2023 opinion issued on June 26, 2023.  [Doc. 82].  And the undersigned adopted that mandate as the judgment of this Court on June 27, 2023.  [Doc. 84].

Abduction Remedies Act."² [Doc. 1]. Accordingly, the Court **DIRECTS** the Parties to, within fourteen (14) days of this order, confer and advise the Court of the timeline for and logistics regarding the return of the Parties' Child, Y.F.G., to Petitioner in Brazil and any other matters the Court needs to address to resolve this matter.

**SO ORDERED**, this 12th day of July, 2023.

*Eleanor L. Ross*
Eleanor L. Ross
United States District Judge
Northern District of Georgia

---

² In arriving at this conclusion, the Court heeds the Eleventh Circuit's May 26, 2023 opinion. See Silva, 68 F.4th at 1247–61. In granting Petitioner's requested relief here, the Court recognizes the two (2) legal errors discussed in that opinion and is cognizant of the Eleventh Circuit's instruction that

> when a factfinder does not believe an interested witness, it may—but is not required to—consider that witness's discredited testimony as corroborating substantive evidence that the opposite of the testimony is true. And when a single witness provides the only evidence on some point, that testimony, without corroboration, can still meet the standard of clear and convincing evidence if the factfinder concludes that it is credible.

See Silva, 68 F.4th at 1261.