[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12456

Non-Argument Calendar

_____

WELLEKSON GONCALVES SILVA,

                Petitioner-Appellee,

*versus*

ADRIENE FERREIRA DOS SANTOS,

                Respondent-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:22-cv-03371-ELR

_____

Case 1:22-cv-03371-ELR   Document 97   Filed 10/16/23   Page 2 of 6
USCA11 Case: 23-12456   Document: 24-1   Date Filed: 10/16/2023   Page: 2 of 4

2                      Opinion of the Court                    23-12456

Before ROSENBAUM, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

This is the second appeal in this international kidnapping case. In the first appeal, we found that the district court made two legal errors. First, "the district court was mistaken when it concluded that it did not have the choice to consider" the father's "noncredible denials as evidence supporting" the mother's "testimony." *Silva v. Dos Santos*, 68 F.4th 1247, 1259 (11th Cir. 2023). And second, the district court erred in "concluding that a single witness's testimony [was] necessarily insufficient to satisfy the clear-and-convincing-evidence standard." *Id.* "Because the district court's reasoning did not account for these principles, we vacate[d] the district court's order and remand[ed] for further consideration in light of [our] opinion." *Id.* at 1261.

On remand, the district court reviewed and considered the testimony and evidence from the evidentiary hearing. Based on its review, the district court granted the father's petition for the return of his daughter to Brazil.

The mother appeals. She argues that we must vacate the district court's order because it violated the mandate rule. Our mandate, the mother contends, required the district court to "announce how" the application of the rule—that disbelief of a litigant's testimony can be substantive evidence against that litigant—affected its judgment. And, the mother asserts, our mandate required the district court "to consider and explain why" the

Case 1:22-cv-03371-ELR   Document 97   Filed 10/16/23   Page 3 of 6
USCA11 Case: 23-12456   Document: 24-1   Date Filed: 10/16/2023   Page: 3 of 4

23-12456              Opinion of the Court                3

mother's testimony "alone failed to support a finding by clear and convincing evidence." But, the mother argues, the district court's order didn't do the things we required it to do because it was "insufficient" and "perfunctory."

"We review de novo the district court's interpretation and application of" our mandate. *Cox Enters., Inc. v. News-J. Corp.*, 794 F.3d 1259, 1272 (11th Cir. 2015). Under the mandate rule, "when an appellate court issues a specific mandate it is not subject to interpretation; the district court has an obligation to carry out the order." *Id.* at 1271 (quotation omitted). It must "implement both the letter and the spirit of the mandate taking into account the appellate court's opinion and the circumstances it embraces." *Id.* (quotation and omissions omitted).

Here, the district court carried out both the letter and spirit of our mandate. In the conclusion section of our first opinion, we summarized the two legal principles we instructed the district court to consider on remand. First, "when a factfinder does not believe an interested witness's testimony, it may—but is not required to—consider that witness's discredited testimony as corroborating substantive evidence that the opposite of the testimony is true." *Silva*, 68 F.4th at 1261. And second, "when a single witness provides the only evidence on some point, that testimony, without corroboration, can still meet the standard of clear and convincing evidence if the factfinder concludes that it is credible." *Id.* Then, we vacated the original order and remanded for further consideration of the evidence in light of these two legal principles. *Id.*; *see*

Case 1:22-cv-03371-ELR   Document 97   Filed 10/16/23   Page 4 of 6
USCA11 Case: 23-12456   Document: 24-1   Date Filed: 10/16/2023   Page: 4 of 4

4                      Opinion of the Court                  23-12456

*also id.* at 1250 ("Accordingly, we vacate the district court's order and remand for further consideration.").

That's what the district court did. It "recognize[d]" the two legal errors it made in its original order. And, with our guidance in mind—"heed[ing]" our opinion—it "again reviewed and considered the testimony and evidence" from the evidentiary hearing, including the father's incredible testimony and the mother's testimony. "Upon such renewed review and consideration," the district court granted the father's petition to return his daughter to Brazil.

While the order on remand is brief, the district court did what we asked it to do. It recognized the errors that it made in the original order, and, guided by our opinion in the first appeal, the district court considered the evidence in light of the two legal principles. We remanded for "further consideration" based on our opinion, *see id.* at 1261, and the district court "considered" the correct legal principles and applied them to the evidence.

Because we didn't require the district court to do more than that, it did not violate the mandate rule by not saying more. And because the district court did not violate the mandate rule, we do not have to consider the mother's arguments about why we should enter judgment on the merits in her favor, or why we should "remand . . . to a different district court judge."

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

October 16, 2023

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 23-12456-Q
Case Style: Wellekson Silva v. Adriene dos Santos
District Court Docket No: 1:22-cv-03371-ELR

All counsel must file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Although not required, non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing are available on the Court's website.

Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, <u>costs taxed against the appellant</u>.

Please use the most recent version of the Bill of Costs form available on the court's website at [www.ca11.uscourts.gov.](www.ca11.uscourts.gov.)

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1A Issuance of Opinion With Costs